```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

MICHAEL WAYNE BARTEE,            §
         Petitioner,             §
                                 §
v.                               §   Civil Action No. 4:13-CV-115-Y
                                 §
WILLIAM STEPHENS, Director,      §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
         Respondent.             §

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Michael Wayne Bartee, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, director of TDCJ, Respondent. The prior referral to the magistrate judge is withdrawn.

After having considered the pleadings, state court records, and relief sought by Petitioner, the court has concluded that the petition should be denied.

**I. Factual and Procedural History**

In June 2009 Petitioner was charged by indictment in state court with felony driving while intoxicated (DWI). The indictment alleged that—

> on or before the 14th day of March, 2009, and before the presentment of this indictment, in Hood County, Texas, MICHAEL WAYNE BARTEE, Defendant, did then and there drive and operate a motor vehicle in a public place, to wit: a public road and highway; while the said defendant was intoxicated.
> and it is further presented in and to said Court

that prior to the commission of the aforesaid offense by the said MICHAEL WAYNE BARTEE, on the 6th day of January, 1998, in the 355th Judicial District Court of Hood County, Texas, in cause number 6399, the said MICHAEL WAYNE BARTEE was convicted of the offense of driving while intoxicated;

and it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said MICHAEL WAYNE BARTEE, on the 14th day of June 1991, in the County Court of Hood County, Texas, in cause number 20194, the said MICHAEL WAYNE BARTEE was convicted of the offense of driving while intoxicated;

and it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said MICHAEL WAYNE BARTEE, on the 2nd day of November, 1987, in the County Court at Law of Parker County, Texas, in cause number CCL-87-0929, the said MICHAEL WAYNE BARTEE was convicted of the offense of driving while intoxicated;

and said convictions became final prior to the commission of the aforesaid offense;

ENHANCEMENT PARAGRAPH ONE

and it is further presented in and to said Court that prior to the commission of the primary offense by the said MICHAEL WAYNE BARTEE, on the 6th day of January, 1998, in the 355th Judicial District Court of Hood County, Texas, in cause number 7571, the said MICHAEL WAYNE BARTEE was convicted of a felony, to wit: D.W.I. Subsequent Offense, and the said conviction became final prior to the commission of the primary offense,

ENHANCEMENT PARAGRAPH TWO

and it is further presented in and to said Court that prior to the commission of the primary offense by the said MICHAEL WAYNE BARTEE, on the 6th day of January, 1998, in the 355th Judicial District Court of Hood County, Texas, cause number 6773, the said MICHAEL WAYNE BARTEE convicted of a felony, to wit: D.W.I. Subsequent Offense, and the said conviction became final prior to the commission of the primary offense,

HABITUAL COUNT ONE

    and it is further presented in and to said Court that prior to the commission of each of the offenses set out above in the enhancement count, the said MICHAEL WAYNE BARTEE, on the 6th day of December, 1971, in the District Court of Hunt County, Texas, in cause number 10,277, the said MICHAEL WAYNE BARTEE was convicted of a felony, to wit:  Robbery With Firearms, and the said conviction became final prior to the commission of each of the offenses set out above in the enhancement count, . . .

(SHR at 145-47[1])

Affirming the judgment of conviction, the Second District Court of Appeals of Texas set forth the factual background and procedural history of the case:

    Appellant went to prison in 1971 after he pleaded guilty to robbery with firearms.  He made parole after serving five years of a ten-year sentence.  In 1985, he committed his first DWI and was granted probation.  He pleaded guilty to his second DWI in 1987 and again received probation.

    Appellant committed his third DWI in 1990 and his fourth DWI in 1991.  He pleaded guilty to both and received probated sentences in each.

    In 1993, while still on probation, Appellant committed his fifth DWI.  Again, his sentence was probated.

    Appellant committed his sixth DWI while on probation for two of his previous DWIs.  On January 6, 1998, the trial court revoked the two probations and ordered Appellant confined for five years on each.  Also on that date, the trial court accepted Appellant's guilty plea on his sixth DWI and sentenced him to eight years' confinement to run concurrently with the two five-year sentences imposed for the revocations.  Appellant served

---

[1]"SHR" refers to the court record of Petitioner's state habeas application No. WR-76,963-02.

four of the eight years.

> On March 14, 2009, Appellant committed his seventh DWI, and the State charged him as a habitual offender. Appellant pleaded guilty to the charge and true to the enhancements. After hearing evidence on punishment, including Appellant's testimony admitting the prior convictions, the jury assessed his punishment at ninety-nine years' confinement. The trial court sentenced Appellant accordingly.

*Bartee v. State*, No. 02-10-00138-CR, 2011 WL 1435407 (Tex. App.-Fort Worth, Apr. 14, 2011).

In turn, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Bartee v. State*, PDR No. 689-11. Petitioner also filed a postconviction state habeas application raising the claims presented herein. The state habeas judge, who also presided over Petitioner's trial, found that there were "no controverted, previously unresolved issues of fact material to the legality of Petitioner's conviction" and recommended the application be denied. (SHR at 141) The application was forwarded to the Texas Court of Criminal Appeals, which denied the application without written order. (*Id.* at cover) The federal petition now before the Court followed.

## II. Issues

Petitioner's claims are multifarious and addressed as thoroughly as practical. They are interpreted as follows: He was denied due process and equal protection of the law because:

(1) his underlying misdemeanor offense was improperly elevated to felony status under Texas Penal Code § 49.09(b) by prior misdemeanor DWI convictions for

4

> which he had already been placed in jeopardy and punished, in violation of double jeopardy, and for which the sentences had been probated and discharged for purposes of Texas Penal Code § 49.09(e);
>
> (2) the 1991 Hood County misdemeanor DWI conviction in cause number 20194 was invalid in that it was "obtained without waiver and representation by counsel and non waiver of rights to trial by jury or against the right to be compelled to self-incrimination";
>
> (3) the evidence was insufficient as to the "commission dates" for each enhancement paragraph as required beyond a reasonable doubt and the prior DWI convictions in cause numbers 7571 and 6773 became final on the same date;
>
> (4) the 1971 Hunt County conviction for robbery with firearms in cause number 10,277 alleged in the habitual count "was premised upon a fundamentally defective indictment";
>
> (5) he was denied effective assistance of trial counsel in that counsel advised him to enter a "blind" plea of guilty to the three prior convictions used to elevate his offense to a third-degree felony although he had already pleaded guilty to the offenses, "thus subjecting him to double jeopardy and an involuntary plea," and failed to file a motion to quash the enhancement and habitual paragraphs "as being void judgments" unavailable for enhancement and enhanced sentencing; and
>
> (6) he was denied effective assistance of appellate counsel in that counsel failed to file a motion for new trial raising the above claims and by failing to "preserve, argue, and advance" his claims on appeal.

(Pet. at 7-8b)

### III.  Rule 5 Statement

Respondent believes that Petitioner has exhausted his state remedies on the claims presented as required by 28 U.S.C. §

5

2254(b)(1)(a) and that the petition is neither barred by limitations or the successive-petition bar. (Resp't Ans. at 7)

## IV. Discussion

### *1. Legal Standard for Granting Habeas-Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great

6

deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings [that] are necessary to the state court's conclusions of mixed law and fact."). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)

### *2. Petitioner's Claims*

Petitioner's claims largely involve the enhancement of his current misdemeanor conviction to felony status under Texas Penal Code § 49.09(b) and the enhancement of his sentencing range under Texas Penal Code § 12.42(d), the state's recidivist statute. Texas Penal Code §§ 49.09(b) & 12.42(d) (West Supp. 2012) Section 49.09(b), in 2009 and now, provides in relevant part that "[a]n

7

offense under Section 49.04 [which criminalizes DWI] . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: . . . (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." Tex. Penal Code Ann. § 49.09(b). Section 49.09(d) provides that "a conviction for an offense under Section 49.04 . . . that occurs on or after September 1, 1994, is a final conviction, whether the sentence for the conviction is imposed or probated." *Id.* § 49.09(d). The relevant portion of § 12.42(d) is set out in the Second Court of Appeals' opinion quoted below.

The Court of Appeals, relying solely on state statutory, evidentiary, and case law, save for *Strickland v. Washington*, 466 U.S. 668 (1984), addressed the issues as follows in considering Petitioner's ineffective-assistance claims:

**Enhancements**

In Appellant's first issue, he contends that the evidence is insufficient to support the verdict because the State improperly relied on two prior felony convictions for enhancement–his fifth and sixth DWIs–that both became final on January 6, 1998, when Appellant was convicted of the latter and had his probation revoked on the former.

The law concerning sufficiency of the evidence to prove enhancement for habitual felony offenders is well settled. Section 12.42(d) of the penal code provides, in pertinent part,

[I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally

8

> convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years nor less than 25 years.

Thus, the statute requires the State to prove this chronological sequence of events:

(1) the first conviction becomes final;

(2) the offense leading to a later conviction is committed;

(3) the later conviction becomes final;

(4) the offense for which the defendant presently stands accused is committed.

The State may properly allege all prior convictions tallied against a particular defendant. When the State alleges a combination of more than two prior felonies for enhancement purposes, juror unanimity is not required on any two specific felonies out of the combination, only on whether the defendant had committed a subsequent felony after a prior felony had become final.

The court of criminal appeals has long held that a probated sentence is not a final conviction for enhancement purposes unless it is revoked. If a defendant is placed on probation, has his probation revoked, and then is sent to prison, his conviction is final on the date his probation is revoked.

It is undisputed in this case that Appellant was on trial for a felony offense other than a state jail felony. The State alleged two prior misdemeanor DWIs and one prior felony DWI in the jurisdictional paragraphs to elevate his latest offense to a third-degree felony. In addition to these jurisdictional prior convictions, the State's indictment alleged three prior felony convictions in two enhancement paragraphs and in a habitual count. The first enhancement paragraph set out Appellant's sixth felony DWI conviction, and the second paragraph set out his fifth. The habitual count alleged his prior robbery

9

conviction. That conviction was final in 1971.

Before a jury, Appellant pleaded guilty to the charged offense and true to both enhancement paragraphs and to the habitual count. Furthermore, the evidence showed that Appellant was finally convicted of all three prior felonies: the 1971 robbery and two felony DWIs, which became final in 1998. During the punishment phase, the trial court admitted documentary evidence of the prior felony convictions in the form of judgments and pen packets. And from the witness stand, Appellant acknowledged that he had committed the robbery and no less than four felony DWI's.

To support Appellant's sentencing as a habitual offender, the evidence had to show that he committed a felony after being finally convicted of a previous felony. The evidence showed that Appellant's previous felony conviction was the robbery that became final in 1971, and that his subsequent felony was his fifth or sixth DWI, which he committed decades later. The indictment in this case comports with the requirement for the proper chronology of previous felony convictions. There were two enhancement paragraphs, either of which would support the range of punishment submitted. Appellant pleaded true to each. The habitual count alleged that Appellant was convicted of robbery with firearms and that the conviction was final prior to each of the offenses contained in the two enhancement paragraphs. Again, Appellant pleaded true. The indictment does not allege habitual status based on the two enhancement paragraphs alone as Appellant contends.

Because the State alleged and the evidence proved two prior felonies, both of which became final on January 6, 1998, because both of these offenses were committed after the robbery had become final, and because the jury need not have been unanimous on which subsequent DWI the State proved, we hold that the evidence is sufficient to support the verdict. Accordingly, we overrule Appellant's first issue.

**Effective Assistance of Counsel**

In his second issue, Appellant claims that his trial counsel provided ineffective representation.
To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence

10

that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.

Here, Appellant specifically contends that his trial counsel provided ineffective assistance because counsel did not investigate Appellant's prior offenses, did not file pretrial motions, did not object to key pieces of evidence that lacked proper foundation, insisted that Appellant testify, and refused to call other witnesses on Appellant's behalf.

11

Although Appellant asserts in his brief that his attorney insisted Appellant take the stand in his defense at trial, he provides no argument to support this assertion in his brief. Accordingly, we will consider this contention no further.

The complaints for which Appellant provides argument in his brief are as follows:

(1) counsel did not file pretrial motions;

(2) counsel called no witnesses other than Appellant;

(3) counsel did not investigate Appellant's prior convictions; and

(4) counsel did not object to evidence of the prior convictions that the State introduced without having first laid the proper foundation for admission.

The State agrees and the record confirms that Appellant's counsel filed no pretrial motions. However, the failure to file any pretrial motions generally does not constitute ineffective assistance of counsel–particularly when Appellant does not assert which motions should have been filed. Here, the only pretrial motion Appellant faults trial counsel for not filing is a motion to quash the indictment regarding its inclusion of prior convictions for enhancement purposes. As noted above, however, the State was entitled to allege all of Appellant's prior convictions. Moreover, the record is silent as to why Appellant's counsel did not file any pretrial motions, and a silent record as to counsel's thought processes will not overcome the strong presumption of reasonably effective assistance of counsel.

Appellant faults his counsel for not calling family members to testify on his behalf. But the record is silent as to whether Appellant had any family members or other witnesses besides himself who could have or would have testified on his behalf. Appellant does not point out who would have testified for him if counsel had called them, what they would have testified to, or how their testimony would have affected the verdict. Because this allegation of ineffectiveness is not grounded in the

12

record, it is without merit.

Appellant also faults his counsel for not investigating his prior convictions, arguing that had he done so, he would have discovered that two of the priors used for enhancement became final on the same day. As we have already held above, however, the fact that two of the prior convictions became final on the same day is of no moment in this case because the habitual allegation was sustained with proof of the prior robbery conviction that became final decades before either of the prior felony DWIs alleged for enhancement. Accordingly, there is no merit to this claim of ineffectiveness.

Finally, Appellant criticizes his trial counsel for not objecting to documents admitted as evidence of his prior convictions because they were admitted without the proper foundation. State's Exhibits 10 and 11 are certified copies of records, also known as "pen packets," from the Texas Department of Criminal Justice, which are admissible as proof of prior convictions. State's Exhibit 10 contains copies of the judgment for Appellant's sixth DWI and the judgments revoking probation in his fourth and fifth DWIs, all felonies. State's Exhibit 12 is a certified copy of Appellant's Texas Department of Public Safety driving record. It was admissible under Texas Rule of Evidence 902(4). State's Exhibit 13 is a copy of the probation order for Appellant's fourth DWI, entitled Judgment of Guilty or Nolo Contendere Before Court Waiver of Jury Trial. It does not appear to be a certified copy, but even if it were objectionable on that basis, its admission was harmless because the judgment revoking probation in that cause was properly admitted in State's Exhibit 10. Similarly, State's Exhibit 14, which is the probation order for Appellant's fifth DWI, and State's Exhibit 15, which is the information charging him for his sixth, are contained in State's Exhibit 10. Finally, State's Exhibits 16 and 17 are certified copies of public records. Because all of the complained-of records were either properly admitted or clearly harmless at trial, counsel was not ineffective for not objecting to them.

Appellant has failed to meet his burden of showing by a preponderance of the evidence that his trial counsel's representation fell below the standard of prevailing professional norms. We overrule Appellant's second issue.

13

*Bartee*, 2011 WL 1435407, at *1-5 (citations and footnotes omitted).

The Court of Criminal Appeals also twice rejected Petitioner's claims by refusing his petition for discretionary review and denying his state habeas application without written order. Thus, this Court may assume the state's highest court made factual conclusions consistent with its decisions and applied the correct standards of "clearly established Federal law," where applicable, as determined by the Supreme Court, absent clear and convincing evidence to the contrary. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002).

In Petitioner's first claim, he asserts that he was unaware the prior misdemeanor and felony DWI convictions used to enhance the current offense to a third-degree felony were "jurisdictional elements" required to be proven beyond a reasonable doubt and that such use of the convictions resulted in a double jeopardy violation. (Pet. at 7; Pet'r Traverse at 5, 9)

The record refutes Petitioner's assertion that he was uninformed that the three prior convictions elevated his current DWI to felony status. During the plea proceeding, Petitioner was thoroughly admonished and expressly acknowledged that he was aware he was charged with DWI-subsequent offense, a third-degree felony,

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver,* 645 F.2d 327, 330 n.2 (5th Cir. 1981).

14

and subject to confinement of not less than two years nor more than ten years and a fine up to $10,000. (RR, vol. 2, at 5) He was further admonished that his sentencing range, if the enhancement and habitual paragraphs were found true, increased to 25 to 99 years' confinement. (*Id.* at 6)

Further, Petitioner fails to demonstrate how enhancements comprise a federal constitutional violation. A state prisoner seeking federal review pursuant to § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994). Petitioner generally asserts that the use of his prior convictions violates due process and equal protection of the law; however the issue of whether or not a defendant's prior convictions are properly used for enhancement purposes is solely a question of state law. *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995); *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke,* No. 3:02-CV-2151-N, 2005 WL 701035, at *2 (N.D.Tex. Mar.23, 2005), *adopted,* 2005 WL 1025964 (N.D.Tex. Apr. 28, 2005). Claims based solely on state law are generally not cognizable in a § 2254 proceeding, and a federal court must typically defer to the state courts' interpretation and application of its statutes. *Woodfox v. Cain*, 609 F.3d 774, 816 (5th Cir. 2010).

Finally, Petitioner's double jeopardy claim has been rejected by the Supreme Court. The Double Jeopardy Clause provides that no

15

"person [may] be subject for the same offence to be twice put in jeopardy of life or limb."  The Supreme Court has interpreted the clause to protect against multiple prosecutions and multiple punishments for the "same offence."  *United States v. Cruce,* 21 F.3d 70, 72 (5th Cir. 1994) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)).  The Supreme Court has stated–

> [W]e have made clear in . . . cases, which involved a defendant's background more generally and not conduct arising out of the same criminal transaction as the offense of which the defendant was convicted, that "[e]nhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction."  In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

*Witte v. United States*, 515 U.S. 389, 400 (1995) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).  *See also Moore v. Missouri*, 159 U.S. 673, 677 (1895) (providing under a recidivist statute, "the accused is not again punished for the first offence" because "'the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself'").

In Petitioner's second claim, he asserts his 1991 Hood County DWI conviction in cause number 20194 was unavailable to elevate his current DWI to third-degree felony status under Texas Penal Code §

49.09(b) because it is invalid as it was "obtained without waiver and representation by counsel and non waiver of rights to trial by jury or against the right to be compelled to self-incrimination," rendering his guilty plea in that case involuntary. (Pet. at 7, 7a-7b) In Petitioner's fourth claim, he asserts his 1971 Robbery with Firearms conviction alleged in the habitual-offender paragraph is invalid as it was premised on a fundamentally defective indictment, which insufficiently described the property taken as "corporeal personal property." (Pet. at 8)

"An objection to the use of a 'prior invalid conviction for enhancement purposes" is waived when a plea of guilty is entered to the enhancement charged." *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995). The record reflects that Petitioner pleaded guilty to the offense as charged in the indictment with full knowledge that he was pleading guilty to a third-degree felony and that he pleaded true to the habitual paragraph. (RR, vol. 2, at 5, 122) Therefore these claims are waived, especially in light of the fact that there is nothing to indicate Petitioner ever contested the validity of the prior convictions.

In Petitioner's third claim, he asserts the state failed to present evidence proving the commission dates for each enhancement offense as required to prove the allegations beyond a reasonable doubt and that the use of the Hood County convictions in cause numbers 7571 and 6773 was improper because the convictions "became

17

final" on the same date in the same court, rendering the indictment fundamentally defective. (Pet. at 7, 7b-7c)

Under state law, when a defendant pleads true to enhancement allegations, the state is relieved of its burden to prove them because a plea of true constitutes evidence and sufficient proof to support those allegations. *Wilson v. State,* 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). *See also Ex parte Rich,* 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (reciting the general rule that a plea of true to an enhancement paragraph relieves the state of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the sufficiency of evidence to prove the prior conviction). At the conclusion of the guilt/innocence phase of his trial, Petitioner pleaded true to the enhancement and habitual allegations. (RR, vol. 2, at 122) Petitioner's pleas of true are affirmatively reflected in the record and constituted sufficient proof to support the allegations. *Wilson*, 671 S.W.2d at 526 (providing defendant's plea of true must be affirmatively reflected by evidence in record). Moreover, the state provided proof of the validity of the prior convictions. *Varnes v. State,* 63 S.W.3d 824, 834 (Tex. App.-Houston [14th Dist.] 2001, no pet.) ("It is well settled that a pen packet combined with fingerprint analysis linking the packet to the defendant is sufficient proof of prior convictions."); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.-San Antonio (1998) (citing *Beck v. State,*

18

719, S.W.2d 205, 209 (Tex. Crim. App. 1986) ("A prior conviction alleged for enhancement purposes may be established by certified copies of a judgment and sentence and authenticated copies from the Texas Department of Corrections, including fingerprints, supported by expert testimony matching them to the known prints of the defendant.").

Further, to the extent Petitioner asserts the indictment suffered various defects, his claim also fails. A defect in a state indictment is not a ground for habeas relief unless the indictment is so defective that the convicting court had no jurisdiction. *Neal v. Texas,* 870 F.2d 312, 316 (5th Cir. 1989). This Court looks to the state law charging the offense to determine only whether the indictment was adequate to confer jurisdiction on the state court. *Yohey v. Collins,* 985 F.2d 222, 229 (5th Cir. 1993) (citation omitted). When the Texas Court of Criminal Appeals refused to hear the direct appeal and denied a writ of habeas corpus sought on the ground that the indictment was insufficient, the court implicitly held that the indictment was sufficient. *Alexander v. McCotter,* 775 F.2d 595, 599 (5th Cir. 1985). If the highest court of the state has held, expressly or implicitly, that the indictment was sufficient under state law, our federal habeas inquiry is at an end. *Id.*

In Petitioner's fifth and sixth claims, he asserts he received ineffective assistance of trial and appellate counsel. (Pet. at

8a-8b) The Second Court of Appeals' determination of Petitioner's claims against trial counsel was not an unreasonable application of the familiar *Strickland* standard. Nor has Petitioner demonstrated that appellate counsel was ineffective by failing to file a motion for new trial raising one or more of his claims or failing to raise one or more of his claims on appeal. Appellate counsel is not required to raise frivolous issues on appeal. *United States v Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner has not demonstrated his claims were meritorious as a matter of state law; thus, he cannot demonstrate a reasonable probability that, but for counsel's failure, he would have prevailed on his appeal.

For the reasons discussed herein,

The Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the Court further DENIES a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March 13, 2014.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

20